## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

PRIEST MOMOLU V.S. SIRLEAF, JR.,

     Plaintiff,

v.                                 Civil Action No. **3:19CV529**

ARMOR CORRECTIONAL HEALTH SERVICES, *et al.*,

     Defendants.

### MEMORANDUM OPINION

Priest Momolu V.S. Sirleaf, Jr., a Virginia inmate, submitted this action and requested leave to proceed *in forma pauperis*. The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, by Memorandum Order entered on July 30, 2019, the Court directed Sirleaf to submit an affidavit in support of his request to proceed *in forma pauperis*. Question six of the affidavit required Sirleaf to list all of his prior cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. (*See* ECF No. 4 ¶ 6.) The Court warned Plaintiff that the "[f]ailure to complete the affidavit **in its entirety will result in the summary dismissal of the action."** In his response, executed on August 7, 2019, Plaintiff indicated this question was "N/A [not applicable] #3:17-cv-562 is on appeal before the U.S.C.A. 4 for remand with instructions." (*Id.* (capitalization corrected).)

Contrary to Plaintiff's response, as of August 8, 2019, Plaintiff knew he had *at least* two actions that had been dismissed as frivolous, malicious, or for failure to state a claim. *Sirleaf v. Northam*, No. 3:19CV182, 2019 WL 4247824, at *5 n.7 (E.D. Va. Sept. 6, 2019) (citing *Sirleaf*

*v. McCabe*, No. 7:19CV00240 (W.D. Va. Mar. 18, 2019), *aff'd* 775 F. App'x 110 (4th Cir. 2019); *Sirleaf v. Mikeljohn*, No. 3:18CV562, 2019 WL 2251705, at *10 (E.D. Va. May 24, 2019). As "Sirleaf, [is] a frequent litigant in this Court, [and] has a tendency to refuse to follow the directives of the Court," it is difficult to assign an innocent motive to this oversight. *Id.* at *2. Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. *See Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (concluding prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *Young v. Secretary Fla. for Dep't. of Corr.*, 380 F. App'x 939 (11th Cir. 2010) (accord); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Accordingly, by Memorandum Order entered on January 7, 2020, the Court directed Sirleaf, within eleven (11) days of the date of entry thereof, to show cause as to why the present action should not be dismissed for failing to provide truthful and accurate information in his Affidavit in Support of Request to Proceed *in Forma Pauperis*. More than eleven days have elapsed since the entry of the January 7, 2020 Memorandum Order and Sirleaf has not responded.

Because Sirleaf has not complied with the Court's directives, the action will be

DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Date: MAR 06 2020
Richmond, Virginia